**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN DOUGHERTY,
               Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
               Agency.

DOCKET NUMBER
NY-0752-16-0085-I-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Dougherty, The Villages, Florida, pro se.

James L. Attanasio, Esquire,  Frislanda S. Goldfeder, Esquire, and Holly A. Yurasek, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant is a former GS-1816-09 Immigration Inspector who was employed by the Immigration and Naturalization Service (INS) prior to the Governmental reorganization that incorporated that agency's functions into the then-newly created Department of Homeland Security (DHS). Initial Appeal File (IAF), Tab 1 at 7. On May 14, 2002, Congress enacted the Enhanced Border Security and Visa Entry Reform Act of 2002, Pub. L. No. 107-173, 116 Stat. 543 (2002) (the Act). In relevant part, the Act appropriated funds for the upgrade to GS-11 for all journeyman GS-9 Border Patrol Agents and Immigration Inspectors who had completed at least 1 year of service. § 101(b)(1)(A); IAF, Tab 5, Exhibit (Ex.) C. The INS Commissioner approved the establishment of the full performance level of GS-11 for nonsupervisory Immigration Inspectors; however, he limited the persons whose positions were eligible for upgrade to inspectors who were assigned to and performed the duties and responsibilities set forth in the official description for the Immigration Inspector position.[2] IAF, Tab 11 at 17-19. Consequently, some GS-9 Immigration Inspector positions were not

---

[2] "In order to effect the Immigration Inspector upgrades, the work described in the official position description *must be assigned to the employees and performed by them.*" IAF, Tab 11 at 17 (emphasis in original).

upgraded. IAF, Tab 5, Ex. E at 3-4. The appellant's position was not upgraded. IAF, Tab 1 at 5, Tab 5, Ex. A at 1.

¶3 On October 17, 2002, the National Immigration and Naturalization Service Council, American Federation of Government Employees (AFGE), filed a grievance alleging that the agency had failed to upgrade certain Immigration Inspectors in the Eastern Region, including employees who were classified in the following categories: When Actually Employed (WAE), Other Than Permanent (OTP), Mixed Tour, and Intermittent. IAF, Tab 5, Ex. E at 3. As an employee who was classified as "full-time seasonal"[3] at the time, the appellant was covered by the grievance. IAF, Tab 8 at 6, Tab 11 at 4-6.

¶4 After the merger creating the DHS, the position of full-time seasonal Immigration Inspector was retitled on July 25, 2004, as Customs and Border Protection (CBP) Officer (Limited Duty). CBP Officers that occupied the limited-duty positions continued to be full-time seasonal employees. IAF, Tab 11 at 5, 15. The appellant was reclassified from seasonal duty to year-round duty effective November 13, 2005, and he then was promoted to GS-1895-11. *Id.* at 16. He served in that capacity until his retirement on August 31, 2008. *Id.* at 5.

¶5 On December 9, 2015, the arbitrator denied the AFGE's grievance as nonarbitrable. IAF, Tab 5, Ex. E. The arbitrator found that the Act "did not require the upgrading of any Agency employees." *Id.* at 9. The appellant filed this appeal on December 26, 2015, alleging that the Act had, in fact, required his position to be upgraded. IAF, Tab 1.

---

[3] "Seasonal employment means annually recurring periods of work of less than 12 months each year. Seasonal employees are permanent employees who are placed in nonduty/nonpay status and recalled to duty in accordance with preestablished conditions of employment." 5 C.F.R. § 340.401(a).

The record is unclear as to the appellant's precise duty status in 2001 and 2002, as it includes both a memorandum stating that he changed from part-time to full-time status effective June 29, 2003, IAF, Tab 11 at 14, and Standard Form 50s showing that he was a full-time employee in 2001 and 2002, IAF, Tab 5, Ex. D.

¶6      Based on the written record, the administrative judge found that the appellant failed to raise a nonfrivolous claim of Board jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 5-7. She found that the Board also did not have jurisdiction to decide his sex discrimination claim, and she dismissed the appeal. ID at 7; IAF, Tab 12 at 8. She declined to rule as to whether he was collaterally estopped from bringing the appeal, but indicated that she would have likely found that was the case. ID at 7-8 n.3.

¶7      On review, the appellant reasserts his arguments from below; namely, that he should have been upgraded because he was a full-time employee who performed the same duties as the GS-11 Immigration Inspectors who received upgrades. Petition for Review (PFR) File, Tab 6 at 7. He asserts that a female employee who performed the same duties he did received an upgrade. *Id.* He additionally sought to discover agency documents, including a listing of GS-9 journeyman inspectors at the Port of Buffalo that were eligible for the upgrade, a listing of those who were initially notified that they had been upgraded, a listing of those who were actually upgraded, documentation indicating the demotion or removal of any GS-9 inspector after the upgrade notifications were issued, and a seniority list of all GS-9 inspectors at the Port of Buffalo when the Act was signed into law. PFR File, Tab 3, Tab 6 at 8. The appellant included with his petition a March 15, 2016 letter from a former colleague describing the events that occurred at the time of the upgrade, a 1993 settlement agreement regarding conditions of employment for the appellant and other inspectors, an undated seniority listing for an unspecified group of inspectors, and his December 6, 1993 certificate of graduation from the Immigration Officer Academy. PFR File, Tab 6 at 9-12.

¶8      The appellant's petition for review does not meet any of the Board's criteria for the granting of the petition for review. *See* 5 C.F.R. § 1201.115. The appellant has not alleged that the findings of fact are erroneous. 5 C.F.R. § 1201.115(a). He has not alleged that the administrative judge's rulings were

inconsistent with required procedures or involved an abuse of discretion. 5 C.F.R. § 1201.115(c).

¶9 In addition, the appellant has not shown that the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. 5 C.F.R. § 1201.115(b). The Board does not have jurisdiction to address all matters that are alleged to be incorrect or unfair. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). Rather, the Board adjudicates only those actions for which a right of appeal has been granted by law, rule, or regulation. *Maddox v. Merit Systems Protection Board,* 759 F.2d 9, 10 (Fed. Cir. 1985).

¶10 An appellant bears the burden of proving that the Board has jurisdiction over his appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). He is entitled to a jurisdictional hearing only when he makes a nonfrivolous allegation that the Board has jurisdiction over his appeal. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Nonfrivolous allegations of the Board's jurisdiction are allegations of fact that, if proven, could establish that the Board has jurisdiction; mere pro forma allegations are insufficient to satisfy this nonfrivolous standard. *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006); *Ferdon*, 60 M.S.P.R. at 329.

¶11 The Board lacks jurisdiction to consider a reassignment action without a loss of grade or pay. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001). The Board likewise lacks jurisdiction over appeals concerning the proper classification of a position or issues related to the classification of a position. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985); *Marcheggiani*, 90 M.S.P.R. 212, ¶ 8; *Vercelli v. U.S. Postal Service*, 70 M.S.P.R. 322, 328 (1996). Similarly, with exceptions not applicable here, the Board lacks jurisdiction over an agency decision not to promote an employee. *Holse v. Department of Agriculture*, 97 M.S.P.R. 624, ¶ 5 (2004).

¶12     However, the Board may exercise jurisdiction over a claim of constructive demotion. To establish a claim of constructive demotion, an appellant must nonfrivolously allege that he was reassigned without a loss of grade or pay, his former position was upgraded, the upgrade resulted from issuance of a new classification standard or correction of a classification error, and he met the legal and qualification requirements for promotion to the upgraded position. *Marcheggiani*, 90 M.S.P.R. 212, ¶ 7; *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981).

¶13     Here, the appellant was informed as to the jurisdictional standard in this appeal and given the opportunity to respond, IAF, Tabs 4, 8-10, 12, but he failed to nonfrivolously allege facts that would support a claim of an appealable matter, including a constructive demotion. He did not allege, and the record does not show, that he was reassigned to a different position before other Immigration Inspectors' positions were upgraded to GS-11. Instead, the agency upgraded full-time GS-9 Immigration Inspectors who met the length of service requirement and who were not classified as WAE, OTP, Mixed Tour, or Intermittent employees. IAF, Tab 5, Ex. E at 3. When the appellant became a year-round employee, he received a promotion to GS-11. IAF, Tab 11 at 16. He thus did not nonfrivolously allege facts that would entitle him to a jurisdictional hearing. To the extent that the appellant alleged that the agency's failure to upgrade his position was based on sex discrimination, IAF, Tab 12 at 8, the Board has no jurisdiction to consider his claim in the absence of an otherwise appealable action. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶14     Finally, the appellant has not presented any new and material evidence that, despite his due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d). The documents he submitted with the petition for review all predate the close of the record before the administrative judge. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board will not

consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). He has not offered any reason why he was unable to present these documents before the record closed. On appeal, he was given an opportunity to submit relevant evidence on jurisdiction, and he did not submit these items. IAF, Tabs 4-5, 8-10, 12. The materials that the appellant seeks to obtain through discovery also would have been available to him before the record closed. The record does not show that he sought to obtain them while the appeal was pending before the administrative judge.[4] In any event, the items he seeks to present on review and obtain through discovery would not lead to a finding of the Board's jurisdiction and thus do not give us cause to grant his petition for review. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

---

[4] We thus deny his request for discovery.

that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                   _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.